UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RIVER ROAD DEVELOPMENT, LLC,
a/k/a CLARION HOTEL KALAMAZOO,
LLC

      Plaintiff,                    Case No.  1:08-CV-221

v.                                        Hon. Robert J. Jonker

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, et al.,

      Defendants.
_____/

## ORDER

On July 29, 2008, the parties filed a joint motion to compel signature and return of settlement checks.  (docket # 31.)  The relief requested is sought against an entity that has never been joined in this lawsuit and over which the Court may or may not have jurisdiction. Moreover, joinder may or may not compromise the diversity jurisdiction of the Court.  In short, the Court has no power at present to order the requested relief, and accordingly the motion is denied.

The Court notes that the apparent impasse seems at this stage of the proceedings almost contrived.  There is nothing in Michigan law requiring all litigation settlement proceeds to run through an attorney's IOLTA account; rather, Michigan law simply requires that once a lawyer is in possession of client funds, the lawyer must keep those funds in an IOLTA account rather than a personal or business account.  *See, e.g.*, 1987 Mich. Op. Att'y

Gen. 174 (Sept. 2, 1987) ("[A] lawyer who or a law firm which *receives client funds* shall maintain a pooled interest-bearing trust account for deposit of client funds . . . ."). If the parties choose a disbursement method that does not involve a lawyer's possession of client funds (e.g., a third-party escrow account), then the IOLTA issue is completely beside the point. There are many other possible formal and informal mechanisms in addition to an escrow account to avoid the problem presented. Parties with sufficient creativity to settle a large and complex case such as this undoubtedly can find a suitable solution without resorting to filing motions such as this one.

The Court further notes that the moving papers significantly overcharacterize the stated concerns of the nonparty objector, PMC Commercial Trust. The repeated claim that PMC believes Plaintiff's counsel may "steal" the settlement funds is rhetorical hyperbole, at best. Non-party PMC merely raised concerns about how to secure its own claim to the settlement funds in the hands of someone else. The "heist" example was stated in obviously jocular terms to make a point. It may be that PMC's concerns reflect a lack of understanding as to the typical payment patterns for resolving commercial litigation. After all, PMC's representative appears to be a portfolio manager and not an attorney. But whatever the underlying reason, the concerns expressed appear genuine, not obstructionist. Surely the parties would be better served by recognizing and addressing each other's concerns than by incurring the expense (monetary and otherwise) of joining a new party to the litigation and engaging in motion practice to settle this issue.

**ACCORDINGLY, IT IS ORDERED** that the parties motion (docket # 31) is DENIED without prejudice their ability to bring proper motions for joinder of parties, enforcement of a settlement agreement, or other related relief, if necessary.  The Court doubts such process will be necessary.


Dated:   July 31, 2008                       /s/ Robert J. Jonker                       
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE